**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40334**
**Summary Calendar**

_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RICHARD SPRING,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(9:00-CR-29-ALL)**
_____

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Spring appeals the sentence imposed following his guilty-plea conviction of mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346. The offense involved several fraudulent loans totaling $185,000 which Spring made and obtained while a senior vice president at Commercial Bank of Texas. He challenges the district court's imposition of a five-level upward departure, adjustment for obstruction of justice, and denial of a reduction for acceptance of responsibility.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may depart upward from the applicable guideline range if the court finds that an aggravating circumstance exists that was not adequately taken into consideration by the Sentencing Commission. *See* 18 U.S.C. § 3553(b). The departure-decision is reviewed for abuse of discretion. ***United States v. Ashburn***, 38 F.3d 803, 807 (5th Cir. 1994) (*en banc*), *cert. denied,* 514 U.S. 1113 (1995). The district court imposed the upward departure because the amount of loss significantly understated the seriousness of Spring's conduct, *see* U.S.S.G. § 2F1.1, cmt. n.8(b). While Spring paid back all of the fraudulent loans, he gained the use of $185,000 through his fraudulent activity. The gain to the defendant should be used to calculate losses under § 2F1.1 when the actual loss from fraud is zero. ***United States v. Haas,*** 171 F.3d 259, 269-70 (5th Cir. 1999); *see* U.S.S.G. § 2F1.1, cmt. n.9. Accordingly, the district court did not abuse its discretion by increasing the offense level based on the loan amounts.

Next, Spring maintains the district court erred by assessing under U.S.S.G. § 3C1.1 a two-level adjustment for obstruction of justice. A district court's finding that a defendant has obstructed justice under § 3C1.1 is a finding of fact reviewed only for clear error. *See* ***United States v. Storm***, 36 F.3d 1289, 1295 (5th Cir. 1994). Section 3C1.1 provides for a two-level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense". *See* ***Storm***, 36 F.3d at 1295 (*quoting* U.S.S.G. §

2

3C1.1). Conduct which constitutes obstruction of justice includes "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense". § 3C1.1, cmt. n.4(g).

According to Spring, his statements to investigators denying the fraudulent loan activity were mere denials of guilt; however, Spring untruthfully told investigators that he used another bank loan to repay a $40,000 bank loan obtained in his grandfather's name. The $40,000 was actually repaid with a $680,000 private loan Spring obtained from a family friend, which would have been almost impossible to detect through conventional means. By stating that he had repaid his grandfather's loan with another bank loan, Spring attempted to prevent the investigator from uncovering his largest loan, thereby concealing the remaining fraudulent loans. The district court did not clearly err by imposing the obstruction of justice adjustment.

For his final claim, Spring asserts he is entitled to a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. The district court's determination under this section is entitled to great deference on review. *See* U.S.S.G. § 3E1.1, cmt. n. 5. Spring contends that, if the obstruction of justice adjustment is removed, he would then be entitled to the acceptance of responsibility reduction. As discussed above, the district court did not err by imposing the former adjustment; therefore, concerning the latter, Spring's position necessarily fails. Also,

Spring's case does not present an extraordinary circumstance where both adjustments should be applied.  *See* U.S.S.G. § 3E1.1, cmt. n.4.

***AFFIRMED***